## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

**KELLY BOHM,**

Plaintiff,

v.

**RECKITT BENCKISER PHARMACEUTICALS, INC., a Delaware corporation.**

Defendant.

## COMPLAINT

Plaintiff Kelly Bohm states as follows:

### I. NATURE OF THE COMPLAINT

Plaintiff brings this action for damages as a result of Defendant's discrimination against her on the basis of age, and as a result of its retaliation against her in violation of Title VII, 42 U.S.C. § 2000e. Plaintiff also brings this action for damages as a result of Defendant's violation of the Colorado Wage Act ******

### II. PARTIES

1. Plaintiff Kelly Bohm ("Bohm") is an individual citizen and resident of Colorado. All the events and transactions upon which this suit is based occurred in the State of Colorado.

2. Defendant Reckitt Benckiser Pharmaceuticals ("Reckitt") is a Delaware corporation doing business in the State of Colorado. Reckitt is a private employer with twenty (20) or more

employees on any given day of the year, and is engaged in an industry affecting commerce. At all relevant times, Reckitt is an "employer" as defined by the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §630, as amended.

### III. JURISDICTION

3. Jurisdiction is asserted pursuant to the ADEA, 29 U.S.C. § 623, *et seq.* Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1343, in that this action arises under federal law and is between citizens of different States. This Court has personal jurisdiction over Defendant pursuant to C.R.S. §13-1-124, because Defendant transacts business in the State of Colorado. The Court also has jurisdiction to hear Plaintiff's state law claims in accordance with Fed.R.Civ.P. 18(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), because the unlawful employment practices alleged herein were committed within the State of Colorado.

### IV. ADMINISTRATIVE HISTORY

5. Bohm has timely and properly exhausted her administrative remedies by filing an initial Charge with the Equal Employment Opportunity Commission (EEOC) based upon grounds of age discrimination and retaliation.

6. This lawsuit is timely filed within 90 days after Bohm's receipt of a Notice of Right to Sue from the EEOC dated January 24, 2014.

### V. FACTS

7. Bohm incorporates by reference her prior allegations.

8. Bohm is a 54 year old female. She began working for Reckitt in January 2008, as a Clinical Liaison. Reckitt permanently hired Bohm in January 2009. In addition to receiving wages, Bohm received bonuses and expenses, including reimbursement for the use of her personal vehicle.

9. At all relevant times the Area Business Manager was Juan Trippe ("Trippe"), Julie Riles ("Riles") was the HR Representative and Jon Lewis ("Lewis") was the San Francisco Area Business Manager.

10. Bohm received an area sales award in 2009 for the Great Plains area.

11. In 2011, Bohm received the Pinnacle award which is the highest sales award Reckitt grants to its employees.

12. From 2011-2012, Bohm received a "very strong" evaluation. Bohm expected to be promoted to a Clinical Liaison II position as of March 2013.

13. In May 2012, a manager position opened up for the Pacific West area. Bohm completed an application and submitted it to Trippe. Upon information and belief, Trippe did not forward Bohm's application to HR. A younger male employee, with less experience than Bohm, was promoted to the position.

14. In September 2012, two positions, for lateral transfers, opened up at Reckitt, one in San Francisco and one in Oakland, California.

15. On or around October 5, 2012, Bohm applied for the San Francisco position.

16. Lewis told Bohm that he "would take [Bohm] for the job." Lewis e-mailed Bohm maps of the territory to assist her in her home search.

17. Lewis directed Bohm to visit the San Francisco and Oakland area from November 1-12, 2012, to decide which territory she would like. Bohm told Lewis that she was going to buy a house right away. Lewis agreed.

18. In October 2012, Bohm complained about Defendant selling drugs for off label use. Bohm objected to this practice and reported it to Trippe, Javier Rodriguez and the company's 877 whistle-blower hotline.

19. On November 11, 2012, Bohm made an offer on a house in the San Francisco area.

20. On November 12, 2012, Trippe e-mailed Bohm and asked her which territory she had chosen. Bohm immediately responded that she had chosen "San Francisco."

21. Shortly after Bohm sent her November 12, 2012, email, Lewis responded that the San Francisco position was no longer available. Lewis had hired a much younger woman to fill the position.

22. Reckitt's policy is that lateral transfers must have at least one year of employment with the company before the employee can laterally transfer to another area or position.

23. Upon information and belief the young woman hired for the San Francisco position had less than one year of employment with Reckitt before she was laterally transferred to San Francisco.

24. On or around November 13, 2012, Bohm made a written complaint to Trippe about the hiring of the younger female. Bohm told Trippe it was discrimination.

25. On or around November 21, 2012, Bohm applied for the Oakland position. Interviews were held on November 26-27, 2012. Bohm was not granted an interview. Trippe told Bohm that Bohm was not interviewed because Lewis wanted to hire "a younger person."

26. Upon information and belief, in November 2012, all but one member of Lewis' team were under 40 years of age.

27. On or around November 14, 2012, Bohm complained to Jon Fogle, Director of HR, that Defendant had engaged in age discrimination.

28. Immediately after Bohm complained about age discrimination she was denied her expenses and reimbursements.

29. On or around November 13, 2012, Bohm reported the age discrimination and violation of the Colorado Wage Act to Fogle.

30. Reckitt's policy states that all complaints will be immediately investigated and the company will not engage in retaliation towards the reporting party.

31. On or around December 14, 2012, Bohm received a text message from Zone Director Mark Charles. Charles indicated to Bohm that her employment would be terminated immediately.

32. On or around December 14, 2012, Bohm was on vacation. During her vacation Reckitt's changed the password on Bohm's company cell phone and company laptop. Bohm had no access to her cell phone or laptop from December 14, 2012, through her termination on January 11, 2013.

33. In 2009 and throughout 2010, Cindy Messerly, Area Business Manager, told Bohm that Bohm was "getting grey hair" and "was showing [her] age." Messerly asked Bohm to dye her hair.

34. Messerly also told teased Bohm about "wearing those little glasses." Messerly told Bohm that the glasses "showed [Bohm's] age."

35. Bohm continued to work from December 14, 2012 through January 4, 2013 by returning business phone calls and visiting doctor's offices to conduct sales.

36. On or around January 10, 2013, Trippe was promoted and transferred to North Carolina.

37. On January 11, 2013, Bohm was terminated. Bohm was not written up or verbally reprimanded prior to her termination.

## VI.  FIRST CAUSE OF ACTION
### (Age Discrimination under the ADEA)

38. Bohm incorporates by reference all her prior allegations.

39. Bohm's age was the determining factor in Defendant's termination of her employment.

40. But for her age (53 years old) Bohm would not have been terminated.

41. Any reason(s) proffered by Defendant for terminating Bohm are pretextual.

42. Defendant's acted willfully since it knew or should have known that its conduct was prohibited by the ADEA.

43. Defendant's illegal conduct created a hostile work environment for Bohm.

44.     As a direct and proximate result of Defendant's discriminatory actions, Bohm has suffered loss of income and benefits, including without limitation front and back pay.  Because Defendant's actions were knowing and willful, Bohm is entitled to liquidated damages.

### VII.  SECOND CAUSE OF ACTION
### (Retaliation)

45.     Bohm incorporates by reference all her prior allegations.

46.     Defendant's conduct in subjecting Bohm to the above-described adverse employment actions is in violation of §704 of Title VII, 42 U.S.C §2000e-3(a).

47.     The effect of these statutory violations was to deprive Bohm of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

48.     These statutory violations were intentional.

49.     These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Bohm's federally protected rights.

50.     As a result of the actions of Defendant, Bohm suffered damages.

### VIII.   THIRD CAUSE OF ACTION
### (Fraudulent Inducement C.R.S. § 8-2-104)

51.     Bohm incorporates by reference her prior Allegations.

52.     It is unlawful for any person to induce an employee to change from one place of employment to another by means of false or deceptive representations.

53.     Defendant fraudulently induced Bohm into purchasing a home in the San Francisco area by representing to her that she had secured a lateral position in that area.

54.     Defendant falsely represented to Bohm that Bohm received the San Francisco

position and/or Defendant stated this fact to Bohm with reckless disregard for its truth or falsity.

55.     As a result of the actions of Defendant, Bohm suffered damages.

## IX.     FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)

56.     Bohm incorporates by reference her prior Allegations.

57.     It is unlawful for any person to induce an employee to change from one place of

employment to another by means of false or deceptive representations.

58.     Defendant failed to act reasonably in ascertaining the accuracy of San Francisco

position when it told Bohm that the position was hers and Defendant knew Bohm had relied on

the information because she had bought a house in the area.

59.     As a result of the actions of Defendant, Bohm suffered damages.

## X.     FIFTH CLAIM FOR RELIEF
### (Colorado Wage Act, C.R.S. §8-4-101, *et seq*)

60.     Bohm incorporates by reference her prior Allegations.

61.     Unpaid compensation constitutes wages pursuant to C.R.S. §8-4-101(8).

62.     Pursuant to C.R.S. §8-4-103, Bohm's unpaid vacation time is due and payable to

Bohm.

63.     Defendant has failed and refused to pay Bohm in accordance with the applicable

compensation plans, and in a timely manner, pursuant to C.R.S. §8-4-103(1)(a).

## XI.     SIXTH CLAIM FOR RELIEF
### (Termination in Violation of Public Policy)

64.     Bohm incorporates by reference her prior Allegations.

65. Bohm reported Defendant's illegal and/or unethical practice to Trippe, Rodriguez, Fogle and Defendant's 877 employee hotline.

66. Defendant's illegal and/or unethical practice is in violation of the Prescription Drug Marketing Act of 1987; 21 C.F.R. Part 203 and Part 205 Colorado Consumer Protection Act; the Colorado Wage Act and Defendant's company policy.

67. Bohm was terminated in retaliation for reporting Defendant's wrongful and illegal actions. Such reporting is protected activity. *Kearl v. Portage Environmental, Inc*., 205 P.3d 496 (Colo. App. Div. 1 2008).

68. The actions of the Defendant were willful and wanton, and/or were done with malice or with reckless indifference to Bohm's protected rights.

69. As a result of the actions of Defendant, Bohm suffered damages.

WHEREFORE Bohm requests the following relief:

    A. Back pay, including but not limited to, lost wages, benefits, and raises.

    B. Liquidated damages.

    C. Front pay.

    D. Costs.

    E. Pre- and post-judgment interest.

    F. Attorneys' fees.

    G. Any other relief deemed necessary to make Bohm whole.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

DATED this 21st day of April, 2014.

          *s/ Karen O'Connor*
Sara A. Green
Karen O'Connor
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado  80202
(303) 893-9800

Attorneys for Kelly Bohm

Plaintiff's Address:
820 S. Monaco Parkway, #114
Denver, Colorado 80224

- 10 -