IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01129-MJW

KELLY BOHM,

Plaintiff,

v.

RECKITT BENCKHISER PHARMACEUTICALS, INC., *a Delaware Corporation*,

Defendant.

---

**ORDER**
on

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**
**(Docket No. 21)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Defendant moved to compel the discovery of five items requested in discovery:

(1) Plaintiff's e-mail records, which Defendant believes have not been thoroughly

enough searched for; (2) information pertaining to Plaintiff's mental-health records,

which Defendant believes are not privileged; (3) Plaintiff's 2013 tax return; (4) Plaintiff's

social-media postings pertaining to the case; and (5) a privilege log that better comports

with Federal Rule of Civil Procedure 26(b)(5).

The Court has reviewed the parties' filings (Docket Nos. 21, 22, and 23), the

court's file on this case, and the relevant Federal Rules of Civil Procedure, statutes, and

case law.  Now fully informed, the Court makes the following findings of fact,

conclusions of law, and order granting Defendant's motion.

2

As to Plaintiff's e-mail records and social-media postings, Plaintiff contends that no further responsive materials exist; Defendant has agreed to accept these averments provided (1) that they are certified under Rule 26(g), and (2) that newly created or discovered responsive materials are disclosed under Rule 26(e). The Court finds that Defendant is entitled to the discovery and that, contrary to Plaintiff's argument, the Colorado statute limiting an employer's access to an employee's social media accounts has no relevance here. Accordingly, the Court orders that Plaintiff shall provide the requested records or provide a signed certification under Rule 26(g) stating that there are no responsive records, and further that Plaintiff shall seasonably supplement its responses should further responsive records become available.

As to Plaintiff's mental-health records, Plaintiff provided a sworn interrogatory response stating that she seeks "noneconomic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, and impairment of quality of life, pain and suffering." (Docket No. 21-2, p.67.) Plaintiff cites out-of-circuit cases for the proposition that these "garden variety" claims do not put her mental health at issue and thereby impliedly waive the psychotherapist-patient waiver, but the Tenth Circuit has not endorsed that line of cases. In this district, Plaintiff's position waives the privilege. *See Fox v. Gates Corp.*, 179 F.R.D. 303 (D. Colo. 1998). Plaintiff asserts that no records exist, but Defendant is entitled to a list of medical providers and to HIPAA waivers to confirm this fact. Accordingly, the Court orders that Plaintiff shall provide complete responses to Defendant's discovery requests concerning medical records.

3

As to Plaintiff's tax return, the Court finds that Plaintiff's W-2 is insufficient in the current circumstances and that Plaintiff's privacy interests are adequately protected by the Rule 26(c) protective order entered on June 18, 2014.  (Docket Nos. 18, 19.) Accordingly, the Court orders that Plaintiff shall provide a complete copy of her 2013 tax return, with all supporting forms and schedules, to Defendant.

As to the privilege log, "[a] privilege log is sufficient if it describes in detail the documents sought to be withheld and provides the precise reasons supporting the claim of privilege.  The information provided must be sufficient to enable opposing parties and the court to determine whether each element of the asserted privilege is satisfied; a blanket claim of the asserted privilege does not satisfy the burden of proof.  Generally, a privilege log is adequate if it identifies with particularity the documents withheld, including their date of creation, author, title or caption, addressee and each recipient, and general nature or purpose for creation.  In addition, the particular privilege relied on must be specified.  A privilege log may be supplemented by an affidavit, deposition testimony, or other evidence, if necessary, to establish that each element of the asserted privilege has been met." *Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1231-32 (D. Colo. 2010) (citing Hill v. McHenry, 2002 WL 598331 at *2 (D.Kan.2002)).  The log provided by Plaintiff does not meet this standard.  Accordingly, the Court orders that Plaintiff shall provide an updated privilege log complying with Rule 26(b)(5).

## **Order**

It is hereby ORDERED that Defendant's Motion to Compel Discovery (Docket No. 21) is GRANTED.  It is further ordered that:

4

- As to Plaintiff's e-mail records and social-media postings, Plaintiff shall provide the requested records or provide a signed certification under Rule 26(g) stating that there are no responsive records, and further that Plaintiff shall seasonably supplement its responses should further responsive records become available;

- As to Plaintiff's mental-health records, Plaintiff shall provide complete responses to Defendant's discovery requests concerning medical records;

- As to Plaintiff's tax return, Plaintiff shall provide a complete copy of her 2013 tax return, with all supporting forms and schedules, to Defendant; and

- Plaintiff shall provide an updated privilege log complying with Rule 26(b)(5);

- The foregoing shall be completed no later than November 14, 2014; and

- Each party shall bear its own costs and fees as to this motion.


Dated: October 31, 2014                  */s/ Michael J. Watanabe*
       Denver, Colorado                 Michael J. Watanabe
                                        United States Magistrate Judge