IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01129-MJW

KELLY BOHM,

Plaintiff,

v.

RECKITT BENCKISER PHARMACEUTICALS, INC., a Delaware corporation,

Defendant.

## ORDER DISMISSING CASE

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

By the unanimous consent of the parties, this case is before the Court under 28 U.S.C. Sec. 636(c).  (Docket Nos. 11, 13.)  The Court has subject-matter jurisdiction over the case as a federal question under 28 U.S.C. Sec. 1331; further, the Court has personal jurisdiction over the parties pursuant to their appearances.

On December 18, 2014, the Court held a motions hearing in which it granted Plaintiff's counsel's motion to withdraw as well as Defendant's renewed motion to compel discovery.  (Docket No. 35.)  Plaintiff had been ordered to appear personally at that hearing, and received actual notice of that order, but failed to appear.  (Docket No. 36.)  As a result, the Court entered an Order to Show Cause setting a Show Cause Hearing for January 8, 2015, and ordering that Plaintiff "shall provide proof of her responses to Defendant's discovery requests" and "shall show cause why she should not be held in contempt of court and why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f), 37(b), and/or 41(b)."  The Clerk of Court mailed a copy of the

Show Cause Order to Plaintiff at her address of record, and Plaintiff's former attorney served the Show Cause Order on Plaintiff by both U.S. Mail and e-mail. (Docket Nos. 37 & 38.) The Court finds that Plaintiff was given full and adequate notice of the hearing.

The Show Cause Hearing was set for January 8, 2015, at 1:30 p.m. (Docket No. 36.) Plaintiff was not present at 1:30 p.m.; the Court granted a grace period, and began the hearing at 1:41 p.m. (Docket No. 39.) Plaintiff did not appear, nor did she telephone or otherwise contact chambers. At no point did Plaintiff or anyone on Plaintiff's behalf attempt to reschedule the hearing at a time more convenient to Plaintiff. The weather on January 8, 2015, was clear, with no indication of hazardous conditions that might explain Plaintiff's failure to appear. Counsel for Defendant appeared in person (and co-counsel for Defendant appeared telephonically) and reported having had no contact with Plaintiff. Further, counsel for Defendant reported having received no responses to the compelled discovery.

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial

3

conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

Rule 37(b), in turn, permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby **ORDERED** that this case is dismissed with prejudice pursuant to Rule 41(b) and Rule 37(b)(2)(A)(v) due to Plaintiff's failure to prosecute and failure to comply with repeated orders of this Court. Costs shall be awarded to Defendant pursuant to Rule 54(d).

Dated:  January 8, 2015                           s/ Michael J. Watanabe
            Denver, Colorado                           Michael J. Watanabe
                                                                  United States Magistrate Judge